JUDGE BAER



# 13 CIV 4855

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SCOTT MACKLES, on behalf of himself and
all others similarly situated,

                         **Plaintiff,**

    v.

BOAR'S HEAD PROVISIONS CO., INC.,

                      **Defendant.**

Case No. _____

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, individually and on behalf of all others similarly situated, by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based upon personal knowledge:

## NATURE OF THE ACTION

1.    Plaintiff Scott Mackles ("Plaintiff") brings this action against Boar's Head Provisions Company, Inc. ("Boar's Head", the "Company" or "Defendant") on behalf of himself and a class consisting of all consumers who purchased any of the following Boar's Head products at any time during the applicable statute of limitations through the present (the "Class Period"):

    a.  Golden Catering Style Oven Roasted Turkey Breast - 47% Lower Sodium;

    b.  Our Premium 47% Lower Sodium Oven Roasted Turkey Breast-Skinless;

    c.  Hickory Smoked Black Forest Turkey Breast 40% Lower Sodium; and

    d.  Branded Deluxe Ham 42% Lower Sodium;

(hereinafter collectively the "Lower Sodium Meats").  Boar's Head engages in deceptive business practices in violation of New York law.

2.      During the Class Period, Boar's Head has been misrepresenting the sodium content of its Lower Sodium Meats as compared to the United States Department of Agriculture (the "USDA") data for the same products and selling them to Plaintiff and the Class as part of its "Health and Wellness" line of products.

3.      Boar's Head falsely and deceptively claims in the product names and labels of its Lower Sodium Meats that they contain specifically stated percentages less sodium as compared to the USDA data for the same products with full sodium content.  These claims are false, and in reality, Defendant exaggerates the reduction of sodium in its Lower Sodium Meats compared to the USDA data.

4.      In its products' names, and on the product labels, Defendant deceptively represents to New York consumers that its "Golden Catering Style Oven Roasted Turkey Breast - 47% Lower Sodium" and its "Premium 47% Lower Sodium Oven Roasted Turkey Breast – Skinless" contain 47% less sodium than USDA data for oven roasted turkey breast.  In fact, these products do not contain 47% less than the USDA data for oven roasted turkey breast.  Likewise, Defendant deceptively represents to New York consumers that its "Hickory Smoked Black Forest Turkey Breast 40% Lower Sodium" contains 40% less sodium than the USDA data for smoked turkey breast, when it does not.  Defendant deceptively represents to New York consumers that its "Branded Deluxe Ham 42% Lower Sodium" contains 42% less sodium than the USDA data for ham products, when it does not.  Defendant's practices suggest that its Lower Sodium Meats are healthier options than other meat options, and consequently appeal to health conscious consumers.

5.      Defendant's representations regarding its lower sodium turkey products also omit that the products contains the same or virtually the same amount of sodium as Defendant's regular sodium turkey products.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper pursuant to 28 U.S.C. §1332(d)(2).  Plaintiff is a citizen of the State of New York and Defendant is a Delaware corporation with its principal place of business located in the State of Florida.  Upon information and belief, the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

7.      Venue is proper in this Court because Plaintiff and many members of the class reside in the Southern District of New York.  Plaintiff purchased the Lower Sodium Meats in this district.  A substantial part of the events or omissions giving rise to the claims herein occurred in the Southern District of New York.  Boar's Head has at all relevant times been doing business in the Southern District of New York and throughout the State of New York.

## THE PARTIES

8.      Plaintiff is a citizen of the State of New York.  During the Class Period, Plaintiff purchased the Lower Sodium Meats at retail stores in the Southern District of New York.

9.      Plaintiff repeatedly selected the Lower Sodium Meats because he saw the product labels and read the product names stating they have significantly less sodium than an established government standard.  After Plaintiff purchased the Lower Sodium Meats, he consumed the products, including Golden Catering Style Oven Roasted Turkey Breast - 47% Lower Sodium, Premium 47% Lower Sodium Oven Roasted Turkey Breast - Skinless, Hickory Smoked Black Forest Turkey Breast 40% Lower Sodium, and Branded Deluxe Ham 42% Lower Sodium.

-3-

10.    After repeatedly consuming the Lower Sodium Meats, Defendant saw a brochure published by Boar's Head entitled "Boar's Head - Compromise elsewhere. Nutritional facts and Recipes for our Premium Products" which is distributed at certain deli counters. Upon reading the nutritional information about the Lower Sodium Meats, Plaintiff was appalled to discover that Defendant's lower sodium turkey products actually contain the same or virtually the same amounts of sodium as Defendant's regular sodium turkey products, especially in light of the fact that Defendant has made healthy eating and lower sodium a focal point of its advertising campaigns.

11.    Following additional investigation, Plaintiff also was surprised and disappointed to learn that Defendant's stated claims regarding the lesser amounts of sodium in the Lower Sodium Meats as compared to the USDA data for the same products were false and misleading.

12.    Defendant Boar's Head Provisions Co., Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located in the State of Florida. Boar's Head produces and distributes meats, cheeses, and condiments to delicatessens, gourmet stores, and supermarkets in the United States.

## SUBSTANTIVE ALLEGATIONS

13.    Boar's Head's 47% Lower Sodium Turkey is manufactured and advertised by Defendant as an oven roasted turkey product with a sodium content 47% lower than USDA data for oven roasted turkey breast. Instead the product contains (at best) only 34.7 % less sodium than the published USDA data for oven roasted turkey breast. In other words, Defendant's representations are inaccurate by a double-digit factor of more than 10%.

14.    Boar's Head's Premium 47% Lower Sodium Oven Roasted Turkey Breast-Skinless is manufactured and advertised by Defendant as an oven roasted turkey product with a sodium content 47% lower than USDA data for oven roasted turkey breast.  Instead the product contains (at best) only 34.7 % less sodium than the published USDA data.  In other words, Defendant's representations are inaccurate by a double-digit factor of more than 10%.

15.    Boar's Head's Hickory Smoked Black Forest Turkey Breast 40% Lower Sodium is manufactured and advertised by Defendant as a smoked turkey breast product with a sodium content 40% lower than USDA data for smoked turkey breast.  Instead the product contains (at best) only 30.1 % less sodium than the published USDA data.  In other words, Defendant's representations are inaccurate by a double-digit factor of approximately 10%.

16.    Boar's Head's Branded Deluxe Ham 42% Lower Sodium is manufactured and advertised by Defendant as a ham product with a sodium content 42% lower than USDA data for ham products. Instead the product contains (at best) only 29% less sodium than the published USDA data.  In other words, Defendant's representations are inaccurate by a double-digit factor of more than 10%.

17.    In its products' names, and on its products' labels, Defendant deceptively omits to disclose that its Golden Catering Style Oven Roasted Turkey Breast - 47% Lower Sodium, its Premium 47% Lower Sodium Oven Roasted Turkey Breast - Skinless and its Hickory Smoked Black Forest Turkey Breast 40% Lower Sodium contain the same or virtually the same amount of sodium per serving as Boar's Head's regular Ovengold Roasted Breast of Turkey.

18.    Specifically, Defendant's Golden Catering Style Oven Roasted Turkey Breast - 47% Lower Sodium and its Premium 47% Lower Sodium Oven Roasted Turkey Breast -

Skinless each contain 340 milligrams of sodium per 2 ounce serving.  Boar's Head's regular

Ovengold Roasted Breast of Turkey contains 350 milligrams of sodium per 2 ounce serving.

Boar's Head's Hickory Smoked Black Forest Turkey Breast 40% Lower Sodium contains 390

milligrams of sodium per 2 ounce serving, and its All Natural Smoked Turkey Breast also

contains 390 milligrams of sodium per 2 ounce serving.

19.     Defendant's practices are deceptive and misleading because in their products

names and prominently on the front of the packaging, they describe the Lower Sodium Meats as

containing specific percentages lower sodium than identifiable data published by a reliable

United States government agency (the USDA), when, in fact, Defendant's representations are

materially inaccurate.  These deceptions are particularly troublesome because at the point of

purchase, consumers are unable to view the nutrition information boxes on the products and see

only the false representations on the front of the Lower Sodium Meats.  Below is a photograph of

Boars' Heads premium 47% Lower Sodium as it is displayed in a deli counter.



20.     According to representatives of the USDA - Food Safety Inspection Service

("FSIS"), the bureau responsible for labeling meat products, when a company references "USDA

data" for comparative claims on labels, the updated and current data is found at the USDA

National Nutrient Database for Standard Reference, located on the internet at

http://ndb.nal.usda.gov.

21.    The USDA National Nutrient Database for Standard Reference indicates that

"Turkey breast, sliced, oven roasted, luncheon meat" has 521 milligrams of sodium per 2 ounce

serving.  Defendant's 47% Lower Sodium Turkey contains 340 milligrams of sodium per

serving, which is only 34.7 % lower than the published USDA data, not the 47% lower sodium

that is touted by Defendant.

22.    The USDA National Nutrient Database for Standard Reference indicates that

"Turkey breast, sliced, oven roasted, luncheon meat" has 521 milligrams of sodium per 2 ounce

serving. Defendant's Premium 47% Lower Sodium Oven Roasted Turkey Breast-Skinless

contains 340 milligrams of sodium per 2 ounce serving, which is only 34.7 % lower than the

published USDA data, not the 47% lower sodium that is touted by Defendant.

23.    The USDA National Nutrient Database for Standard Reference indicates that

"Turkey, light or dark meat, smoked, cooked, skin and bone removed" has 558 milligrams of

sodium per 2 ounce serving.  Defendant's Hickory Smoked Black Forest Turkey Breast 40%

Lower Sodium contains 390 milligrams of sodium per serving, which is only approximately 30%

lower than the published USDA data, not the 40% lower sodium that is touted by Defendant.

24.    The USDA National Nutrient Database for Standard Reference indicates that

"Ham, sliced, regular (approximately 11% fat)" has 648 milligrams of sodium per 2 ounce

serving. Defendant's Branded Deluxe Ham 42% Lower Sodium Turkey contains 460 milligrams

of sodium per 2 ounce serving, which is only 29% lower than the published USDA data, not the 42% lower sodium that is touted by Defendant.

25.     Prior to his purchases of the Lower Sodium Meats, Mr. Mackles read the product names and labels.

26.     When he read Defendant's brochure and realized that Boar's Head's Lower Sodium Turkey products and its regular sodium turkey products contain the same amounts of sodium, he undertook further investigations to check the representations made by Boar's Head as to sodium content.

27.     When Plaintiff realized Defendant's representations regarding its Lower Sodium Meats appeared inaccurate, Plaintiff, through his counsel, contacted the Company to inquire as to where the information referencing USDA data on the Boar's Head labels could be found.  In response, Plaintiff received a letter dated March 27, 2013 from Kevin MacKinnon, General Counsel of Boar's Head, stating "The labels for each product identified in your letter were submitted to and approved by the USDA.  If you have any further questions, please contact our outside counsel, Martin Hyman of Golenbock Eiseman Assor Bell & Peskoe, LLP."  When contacted by Plaintiff's attorneys, Mr. Hyman reiterated that the labels had been approved by the USDA, yet he patently refused to provide copies of the approvals to Plaintiff's attorneys.

28.     Sally L. Jones, Senior Technical Advisor, Labeling and Program Delivery Division, USDA/FSIS informed Plaintiffs' counsel "[i]t is really the companies [sic] responsibility to ensure the accuracy of their labeling.  Regardless of what reference food they are using (their own regular product, market leader, USDA data, etc) the company has to ensure that the claims remain accurate."

29.     On April 3, 2013, Plaintiff's counsel sent a Freedom of Information Act request to the USDA/FSIS asking for "Copies of all documents related to Boar's Head deli meat most recent applications for approval" of certain labels, including Oven Roasted Turkey Breast - 47% Lower Sodium and Branded Deluxe Ham - 42% Lower Sodium.  In the reply from the USDA/FSIS dated April 30, 2013, Plaintiff's attorneys were "advised that a search by knowledgeable staff in FSIS failed to locate any documents that would be responsive to your request."

30.     An article published on August 2, 2012 in Advertising Age entitled "How Boar's Head Became a Deli Meat Beast" states, "Tight-lipped and private, the family-run company has muscled its way to the top of the premium deli meat category through aggressive sales and distribution tactics and a marketing budget that dwarfs its nearest premium rival in the largely commoditized category."

31.     Defendant has made healthy eating and lower sodium a focal point of its marketing campaigns.  The Lower Sodium Meats are part of Defendant's Health and Wellness line of products.  The Boar's Head website encourages consumers to "Pile on the flavor, Not the Salt," and states "Lowering Your Sodium Intake . . .  An important step is to read nutrition labels and compare the sodium content of similar food".  See http://boarshead.com/health-wellness/information/lower-sodium/.

32.     Boar's Head regularly issues press releases boasting about the healthfulness of its products. For example, on January 31, 2011, Defendant issued a press release with the title "Boar's Head Offers Solutions to the USDA Dietary Guidelines Sodium Reduction Recommendation - - Boar's Head maintains its 'Assault on Salt' with more than 20 lower

-9-

sodium meats and cheeses." Notwithstanding Defendant's self-lauding, an article from Dow
Jones Factiva, Mediapost.com dated February 12, 2013, entitled "Mayor Bloomberg's Cause du
Jour: Salt Reduction," reported that Bloomberg's initiative to strong-arm food marketers into
reducing the amount of sodium they use by 25% by 2014 was, for the most part, on track; but the
article went on to note Boar's Head was one of the three companies that did not reach the goals
they aspired to (as reported by Eric Durkin of the New *York Daily News*).

33.     Ironically one of Defendant's current ad campaigns encourages consumers to
"trust" the brand. See photo below of a Boar's Head poster displayed in a deli window.



34.     Defendant's deceptive conduct is material. Plaintiff is a reasonable customer,
acting reasonably, and Defendant's deceptive conduct misled Plaintiff in a way that impacted his
conduct. Defendant's deception led Plaintiff to purchase the Lower Sodium Meats for himself
and his family. But for the deception as to the products' qualities, he would not have purchased
the Lower Sodium Meats.

-10-

35.     Plaintiff and the Class are entitled to damages and an order compelling Defendant to discontinue its deceptive and misleading practices.

## CLASS ALLEGATIONS

36.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of himself and the Class defined above as all consumers who purchased any of the below Lower Sodium Meats at any time during the period within the applicable statute of limitations through the present:

1. Golden Catering Style Oven Roasted Turkey Breast - 47% Lower Sodium;

2. Our Premium 47% Lower Sodium Oven Roasted Turkey Breast-Skinless;

3. Hickory Smoked Black Forest Turkey Breast 40% Lower Sodium; and

4. Branded Deluxe Ham 42% Lower Sodium.

37.     Numerosity: Members of the Class are so numerous that joinder of all members is impracticable.  Plaintiff believes there are thousands of New York consumers who are members of the Class described above who have been damaged by Boar's Head deceptive and misleading practices.

38.     Common Questions of Fact and Law: The questions of law and fact common to the members of the Class which predominate over any questions which may affect individual Class members include, but are not limited to:

a)  Whether Boar's Head is responsible for the conduct alleged herein;

b)      Whether Boar's Head's conduct constitutes the violations of New York law alleged herein;

c)      Whether Plaintiff and the Class are entitled to injunctive relief; and

d)      Whether the Plaintiff and the Class are entitled to money damages.

38.    Typicality:  Plaintiff is a member of the Class.  Plaintiff's claims are typical of the claims of each member of the Class, in that Plaintiff, as every member of the Class was susceptible to Boar's Head's deceptive, misleading conduct and purchased 47% Lower Sodium Turkey.  Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

39.    Adequacy:  Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action litigation and they intend to prosecute this action vigorously.  Plaintiff has no interests which conflict with those of the Class.  The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

40.    Boar's Head has acted on grounds generally applicable to the Class, making relief appropriate with respect to Plaintiff and the members of the Class. The prosecution of separate actions by individual Class members would create a risk of inconsistent and varying adjudications.

41.    Superiority: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a)      The joinder of thousands of individual members of the Class is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b)   The individual claims of the members of the Class now may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, expensive, if not totally impossible, to justify individual actions;

c)   When Defendant's liability has been adjudicated, claims of all members of the Class can be determined by the court and administered efficiently in a manner which is far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d)   This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims to promote economies of time, resources, and limited pool of recovery;

e)   Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f)   This class action will assure uniformity of decisions among members of the Class; and

g)   The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation.

## FIRST CAUSE OF ACTION
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW
## §349: DECEPTIVE ACTS AND PRACTICES

42.   Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

43.   New York General Business Law § 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state . . . ."

44.   "Any person who has been injured by reason of any violation of [GBL § 349] may bring an action in his own name to enjoin such unlawful act or practice . . . ." GBL § 349(h).

45.    The conduct of Defendant alleged herein constitutes "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff seeks the entry of preliminary and permanent injunctive relief against Boar's Head, enjoining Boar's Head from describing and promoting its Lower Sodium Meats as inaccurate percentage amounts lower than USDA data for comparable meat products.

46.    There is no adequate remedy at law.

47.    Defendant misleadingly and deceptively presents its Lower Sodium Meats as inaccurate percentages lower than USDA data for comparable meat products.

48.    Defendant's improper conduct is material in that it led Plaintiff to purchase Lower Sodium Meats and consume the products repeatedly.  Had Plaintiff and been properly informed, he would never have purchased the Lower Sodium Meats.

49.    Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of its business in violation of New York General Business Law § 349(a) and Plaintiff and the Class have been damaged thereby.

50.    In addition to his action to enjoin Boar's Head's wrongful conduct, Plaintiff seeks statutory damages on behalf of the Class, permitted under GBL § 349(h).

## SECOND CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

51.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52.    Beginning at an exact date unknown to Plaintiff, Defendant made representations to the public, including Plaintiff and the Class, by its packaging, website and other means, that its Lower Sodium Meats contain specific percentages less sodium than USDA data for oven roasted turkey breast among other representations.  That promise

became part of the basis of the bargain between the parties and as such, constituted an express warranty.

53.    Thereon, Defendant sold Lower Sodium Meats to Plaintiff and other Class members, who bought the product from Defendant.

54.    However, Defendant breached the express warranty in that the goods were, in fact, not the specifically represented percentages lower in sodium content than USDA data for comparable products.  As a result of this breach, Plaintiff and other consumers did not, in fact, receive goods as warranted by Defendant.

55.    As a proximate result of this breach of warranty by Defendant, Plaintiff and other consumers have been damaged.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a)    Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b)    For the entry of preliminary and permanent injunctive relief against Boar's Head, directing Boar's Head to correct its practices to comply with New York law;

(c) For statutory damages pursuant to GBL § 349(h);

(d)    Awarding Plaintiff and the Class their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(e)    Granting such other and further relief as the Court may deem just and proper.

Dated: July 11, 2013

**BRAGAR EAGEL & SQUIRE PC**

By: _____

Jeffrey H. Squire
Lawrence P. Eagel
David J. Stone
885 Third Avenue, 30th Floor
New York, NY 10022
Tel:    (212) 358-5858
squire@bespc.com
eagel@bespc.com
stone@bespc.com

*Counsel for Plaintiff and the Class*